DANIEL G. BOGDEN
United States Attorney
PHILLIP N. SMITH, JR.
Assistant United States Attorney
333 Las Vegas Blvd. South, Ste. 5000
Las Vegas, Nevada 89101
(702) 388-6585 / Fax (702) 388-6698

FILED
2016 MAR 18 P 2:02
U.S. MAGISTRATE JUDGE
BY____________

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>vs.<br><br>FRED OAXACA,<br>MARCUS HAMMON,<br>MARTIN GARCIA, and<br>LUIS CUEVAS,<br><br>Defendants. | **Magistrate No.** 2:16-mj-200-GWF<br><br>**COMPLAINT** for violations of Title 18, United States Code, Sections 1951 and 2 – Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; and Title 18, United States Code, Section 924(c)(1)(A) – Use of a Firearm in During and in Relation to a Crime of Violence. |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned complainant, being duly sworn, deposes and states:

## COUNT ONE
(Conspiracy to Interfere with Commerce by Robbery)

On or about February 25, 2016, in the State and Federal District of Nevada, **FRED OAXACA**, **MARCUS HAMMON**, **MARTIN GARCIA**, and **LUIS CUEVAS**, defendants herein, did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown, to unlawfully obstruct, delay and affect commerce, as that term is defined under Title 18, United States Code, Section 1951(b)(3), and the movement of any article and commodity in commerce, in any way and degree, by robbery, as that term is defined under Title 18, United States

Code, Section 1951(b)(1), in that the defendants did agree to unlawfully take property, to wit: United States currency and cellular telephones, from the person and in the presence of an employee and agent of Verizon Wireless, located at 675 East Dorrell Lane, North Las Vegas, Nevada, against the will of said employee and agent, and by means of actual and threatened force, physical violence, and fear of injury to the person of said employee and agent, in violation of Title 18, United States Code, Section 1951.

**COUNT TWO**
(Interference with Commerce by Robbery)

On or about February 25, 2016, **FRED OAXACA**, **MARCUS HAMMON**, **MARTIN GARCIA**, and **LUIS CUEVAS**, defendants herein did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), in that the defendants did unlawfully take and obtain property, to wit: cellular telephones, from the person and in the presence of an employee and agent of Verizon Wireless, located at 675 East Dorrell Lane, North Las Vegas, Nevada, against the will of said employee and agent, and by means of actual and threatened force, physical violence, and fear of injury to the person of said employee and agent, in violation of Title 18, United States Code, Sections 1951 and 2.

. . .

. . .

. . .

## COUNT THREE

(Use of a Firearm During and in Relation to a Crime of Violence)

On or about February 25, 2016, **FRED OAXACA**, **MARCUS HAMMON**, **MARTIN GARCIA**, and **LUIS CUEVAS**, defendants herein, during and in relation to the crime of violence alleged in Count Two of this Complaint, knowingly and intentionally used and carried a firearm, said firearm being brandished, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## PROBABLE CAUSE AFFIDAVIT

Complainant, Christopher W. McPeak, as a Special Agent with the Federal Bureau of Investigation ("FBI"), states the following as and for probable cause:

1. Your Complainant is a Special Agent with the FBI currently assigned to the Las Vegas, Nevada Division, and has been so employed for over seven (7) years. Prior to this, he was employed for over five (5) years as a Deputy Sheriff and Detective with the Orange County, Florida Sheriff's Office. As an FBI Agent, your Complainant is assigned to the FBI's Las Vegas Safe Streets Task Force and is responsible for investigating a variety of violent crimes, to include bank robbery, kidnapping, interstate threats, extortion, robbery, carjacking, assault and murder of Federal Officers, racketeering-related violent offenses, and violations of the Controlled Substances Act ("CSA"). Your Complainant has experience in conducting criminal investigations, including the investigation of criminal groups and conspiracies, as well as the collection of evidence and the identification and use of witnesses.

2. The following information contained within this Criminal Complaint is based upon my own participation in this investigation or was provided to me by other

law enforcement personnel. All times are approximate.

## FACTS ESTABLISHING PROBABLE CAUSE

3. On February 25, 2016 at approximately 7:31 p.m., North Las Vegas Police Department ("NLVPD") officers responded to the report of an armed robbery and shooting at the Verizon Wireless store located at 675 East Dorrell Lane in North Las Vegas, Nevada. Upon arriving, the officers learned that the business had been robbed by several men, who were armed with handguns and who wore costume masks to include a mask depicting a previous U.S. President, as well as a blue bandana. The men controlled the victim employees, P.W. and C.P., through the use of threatened and perceived firearms violence. During the course of this robbery, the men stole a significant number of new cellular telephones from Verizon Wireless' inventory. Witnesses observed the men load the stolen inventory into a white cargo van and leave the area along with a white Honda vehicle.

4. According to statements given by the employee victims, they were working as clerks at the Verizon store when a suspect carrying an "assault rifle" wearing a "JFK mask" entered the store. "JFK" ordered both victims to the room that contained the store's safe. After being forced by gunpoint to the safe room, JFK ordered C.P. to open the safe. JFK then ordered P.W. to open the safe at which time P.W. complied. After opening the safe, both victims were ordered at gunpoint to leave the safe room and go into the employee lounge area. Both victims were confronted by two other armed suspects. One was wearing a blue and white bandana and an "Obey" hat and the other was wearing a plain white face mask with a UNLV sweatshirt. The Obey suspect demanded both victims get on the ground. The Obey suspect switched out his

Glock handgun with the short-barreled rifle that JFK had brought in. The Obey suspect then kept watch of both victims while JFK and the suspect in the white mask emptied the safe and front customer cash registers. The robbery took approximately 16 minutes.

5. Included among the inventory of the cellular telephones that were taken in the robbery was a concealed tracking device. The tracking device is designed to report its location to law enforcement once the device is removed from the victim business. Minutes after the robbery was completed, an NLVPD officer in the area observed a white Honda Accord being followed by a white cargo van. The proximity of the vehicles to the robbery scene coupled with the tracking information from the stolen tracking device led officers to believe that the people in the Honda and the van were involved in the robbery.

6. Officers followed the vehicles and the tracking device coordinates to the area of Craig Road and Lamb Boulevard, where the vehicles were stopped. Law enforcement personnel removed FRED OAXACA, MARCUS HAMMON, and MARTIN GARCIA from the Honda Accord, and LUIS CUEVAS was removed from the white cargo van.

7. A probable cause search was conducted on both vehicles and the following pertinent items of evidence were recovered and seized from the white cargo van:

(a) all of the cellular telephones stolen from Verizon Wireless (including the aforementioned tracking device).

The following pertinent items of evidence were recovered and seized from the Honda Accord:

(a) H&K .22 caliber handgun;

(b) Glock .45 caliber handgun;

(c) pellet gun (resembling a real firearm);

(d) a costume mask bearing a resemblance to former U.S. President John F. Kennedy;

(e) a costume mask bearing a resemblance to current U.S. President Barack Obama;

(f) a blue bandana;

(g) a black and grey "Obey" hat; and

(h) various other masks.

8. FRED OAXACA was later interviewed in a post-*Miranda* setting. During the interview he admitted to his involvement in the above-described Verizon Wireless robbery. MARCUS HAMMON was interviewed in a post-*Miranda* setting. He also admitted to his involvement in the above-described Verizon Wireless robbery. MARTIN GARCIA was interviewed in a post-*Miranda* setting, during which he too admitted to his involvement in the above-described Verizon Wireless robbery. LUIS CUEVAS was interviewed in a post-*Miranda* setting and he admitted to his involvement in the above-described Verizon Wireless robbery. CUEVAS also admitted that the Glock handgun found in the Honda Accord was his and the H&K .22 caliber handgun was purchased by OAXACA at a Las Vegas gun show and belonged to him.

9. Based on your Complainant's training and experience, he has a reasonable belief that Verizon Wireless is business that operates in and affects interstate commerce as that term is defined in 18 U.S.C. § 1951(b)(3). In addition, your Complainant has a reasonable belief that the articles and commodities stolen during

the above described robbery are manufactured and shipped to the State of Nevada in interstate commerce as that term is defined in 18 U.S.C. § 1951(b)(3).

## CONCLUSION

10. It is your Complainant's opinion that the foregoing Complaint establishes that there is probable cause to believe that **FRED OAXACA, MARCUS HAMMON, MARTIN GARCIA, and LUIS CUEVAS,** the defendants herein, did violate 18 U.S.C. § 1951(a) – Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; and 18 U.S.C. § 924(c)(1)(A) – Use of a Firearm During and in Relation to a Crime of Violence.

Respectfully Submitted,

______________________________

Christopher W. McPeak, Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me
This 18th day of March, 2016.

______________________________

UNITED STATES MAGISTRATE JUDGE